**BARTHOLD et al. v. DOVER et al.**
No. 4777.

Court of Appeal of Louisiana.
Second Circuit.

March 29, 1934.

For former opinion, see 153 So. 49.

Fraser & Carroll, of Many, for appellants.
Cook & Cook, of Shreveport, for appellees.

PER CURIAM.

Counsel for defendants and appellees complain of that part of the judgment which rejects their alternative demand for the return of $886.70, with interest and attorney's fees, paid by defendants at tax sale for the entire property. We recognize the force of their contention and the weight of the authorities cited, but do not think they apply in this case.

Mineral rights are peculiar unto themselves and, despite attempts to make them, do not come wholly within the provisions of our law governing any particular class of property. Though an important element of value, they are not assessable and not taxable. There was no attempt to tax those involved in the case, either directly or by adding their value to that of the land. Therefore no part of the consideration paid at the tax sale was for taxes on the mineral rights.

The mineral rights involved had been separated from the land by sale duly recorded before the tax sale. The tax purchaser was therefore charged with notice of the separation. As we attempted to show, these rights were only included in the sale, after separation from the land, because they had become affected with the lien and legal mortgage securing the taxes.

The judgment rendered annuls the tax sale only as to the mineral rights; therefore, the tax purchaser acquired and still holds the property actually assessed and taxed.

The provisions of the Constitution apply under its terms to the sale of property for taxes, that is the sale of the property itself burdened with taxes, and therefore do not control the unusual situation presented here.

The rule that a tax sale must be annulled in its entirety and only after a refund of the entire consideration is not without exception.

Section 11 of article 10 of the Constitution of 1921, provides:

"The fact that taxes were paid on a part of the property sold, prior to the sale thereof, or that part thereof was not subject to taxation, shall not be cause for annulling the sale as to any part thereof on which the taxes for which it was sold were due and unpaid."

For the above reasons and those contained in the original opinion, the motion for a rehearing is denied.